IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVERWASH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-06219 |
| | ) | |
| EVERWASH LLC, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Everwash, Inc. ("Plaintiff"), by and through its attorneys, Fox Rothschild LLP, brings this action against Defendant Everwash LLC ("Defendant") and states and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff offers a subscription-based car wash membership service and mobile app, each under the name EVERWASH. Since 2014, the EVERWASH app and subscription program has grown to a nationwide service that connects consumers with car washes, across the United States, including both washes and customers located in Illinois. As a result of the many thousands of dollars spent in advertising and marketing the EVERWASH services, the revenue earned from the rendering of EVERWASH-branded services, and the resulting goodwill generated in the car wash industry, the EVERWASH brand has become a highly valued trademark of the Plaintiff. Plaintiff has learned that Defendant, a car wash owner, has adopted and is using the same EVERWASH name for its own wash locations within this judicial district, resulting in misdirected communications from customers and confusion in the marketplace. Despite amicable efforts by Plaintiff to halt this confusing use, Defendant refuses to discontinue its use of the EVERWASH name. This unauthorized and unlawful use of the EVERWASH name will continue to create

confusion and mistake among customers. Accordingly, Plaintiff seeks judicial intervention to stop the Defendant's unauthorized and unlawful use of the infringing EVERWASH name.

## JURISDICTION AND VENUE

2. Pursuant to 15 U.S.C. § 1121(a), this Court has original subject matter jurisdiction over this action as it arises under U.S.C. Title 15, Chapter 22 ("Lanham Act"), and involves Defendant's infringement of the federally registered and common law trademarks owned by Plaintiff, and Defendant's false designation of origin under 15 U.S.C. §1125(a).

3. Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has original jurisdiction over claims asserted under the Lanham Act, as these claims arise under the federal laws of the United States. Additionally, this Court has supplemental jurisdiction over all other claims not asserted under the Lanham Act pursuant to 28 U.S.C. § 1367(a), as these claims are related to claims within the Court's original jurisdiction.

4. This Court has personal jurisdiction over Defendant because: (1) Defendant transacts and solicits business in this District; (2) Defendant is an Illinois Limited Liability Company registered to do business in this district; and (3) Defendant sells/renders and/or offers for sale, within this state, services that infringe Plaintiff's trademark expecting its acts to have consequences in this district.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b), and 1391(c) in that Defendant resides in or can be found in this District, the claims arose in this District, the harm is occurring in this District, and the Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

6. Plaintiff Everwash, Inc. is a Pennsylvania Corporation, having its principal place of business at 1345 Colton Road, Gladwyne, Pennsylvania 19035.

7. Defendant Everwash LLC is an Illinois Limited Liability Company having a principal address at 623 Meadow Court, Elk Grove Village, Illinois 60007.

## FACTS COMMON TO ALL CLAIMS

**Plaintiff's Business**

8. Plaintiff is a leading provider of membership subscription services to consumers of car washes located within its network, as well as providing billing and call center support for local, regional and national car wash companies within its network.

9. Plaintiff's mobile software application allows users to consolidate billing and payment for car washes at monthly subscription prices at any one of the scores of car wash locations located in over 20 states making up the Everwash network.

10. Plaintiff operates, and has advertised, marketed, promoted, offered for sale and sold/rendered its car wash subscription/membership services under the name EVERWASH since June 2014, and its mobile application software since March 2015, (the "EVERWASH Mark"), having members and users of its goods and services located across the United States, including in the State of Illinois.

11. Since prior to Defendant's launch of its owns car wash services, Plaintiff actively marketed its goods and services on a national basis, hosting booths at such locations as Atlantic City, New Jersey (Atlantic City Car Wash Show); Arlington, Texas (South West Car Wash Show); and Las Vegas, Nevada (National Car Wash Show); and appearing in national car wash publications such as WashTrends,

12. Plaintiff is the owner of U.S. Federal Trademark Registration No. 5500516, for the mark EVERWASH (the "EVERWASH Registration"), covering Class 9 goods described as "*Downloadable software in the nature of a mobile application for use in locating service locations, scheduling appointments, enrolling members, processing payments, and connecting members with*

service locations, all for use in managing a subscription-based carwash payment membership progra*m*"; and Class 35 services "*Membership club services in the nature of providing subscription-based enrollment, administrative processing of payments, and discounts to members in the field of carwash usage; Administration of a membership program for enabling participants to obtain discounted rates on the cost of services or receive additional services through enrollment in a carwash subscription plan; Subscription management services, namely, acting as a subscription agent between car wash owners and customer subscribers; Providing a web site featuring on-line registration services for car wash club membership; Membership sales and subscription management services for customers and car wash service providers; promotion, advertising and marketing of carwash services for others*" (collectively "Plaintiff's Goods and Services"). **See Attached Exhibit "A".**

13. By way of Plaintiff's continued and exclusive use in commerce of Plaintiff's EVERWASH Mark, Plaintiff holds exclusive rights in and to use of Plaintiff's EVERWASH Mark for Plaintiff's Goods and Services.

14. Commencing prior to the earliest date of first use that can be claimed by Defendant, Plaintiff's EVERWASH Mark has been in use in the State of Illinois, and throughout the US, in connection with similar and related goods and services in the nature of a mobile software application for car washes and a membership club service/subscription program for purchasing car washes.

15. Since its initial use of Plaintiff's EVERWASH Mark, Plaintiff has made a substantial investment in advertising and promoting Plaintiff's Goods and Services under Plaintiff's EVERWASH Mark.

16. Currently, Plaintiff maintains 75 car wash accounts across the United States, including locations in Illinois; has over 50,000 user/members; and at least 75,000 users have downloaded the EVERWASH app, including many located within this judicial district.

17. Plaintiff's customers and the public in general know and have come to recognize Plaintiff's EVERWASH Mark and associate the Mark with Plaintiff and/or Plaintiff's Goods and Services. Plaintiff has built extensive goodwill in connection with the marketing, sale and rendering of goods and services under Plaintiff's EVERWASH Mark.

18. Across the United States consumers recognize Plaintiff's EVERWASH Mark as a sign of quality in connection with car wash mobile application software and car wash subscription/membership club services.

**Defendant's Competing and Related Services**

19. Upon information and belief, Defendant is an Illinois Limited Liability Company formed on February 19, 2016.

20. Defendant operates two separate car wash services, one located at 2200 W. Algonquin Road, Lake In the Hills, Illinois; and a second located at 1440 S. IL-59, Bartlett, Illinois (collectively "Defendant's Everwash Car Wash locations").

21. Upon information and belief, Defendant is also the registrant and purported owner of the domain name www.everwashcarwash.com, where Defendant's car wash services and locations are advertised.

22. Upon information and belief, Defendant offers car wash subscription packages titled "EVERWASH" (the "Everwash Name") at Defendant's Everwash Car Wash locations, entitling its members to unlimited car washes in exchange for a monthly fee.

23. Upon information and belief, Defendant first opened a car wash location under the name Everwash, in Lake in the Hills, Illinois in April 2017.

24. Upon information and belief, Defendant opened a second car wash location, under the name Everwash in Bartlett, Illinois, in April 2018.

25. Upon information and belief, Defendant intends to open additional car washes under the name Everwash.

**Relationship of the Parties**

26. Beginning in May 2017, Plaintiff began to receive phone calls from its subscription members looking to have their cars washed at Defendant's Everwash-branded car wash located in Lake in the Hills, Illinois, but callers were upset when they learned that they could not apply Plaintiff's EVERWASH subscription package to Defendant's location.

27. Each call was returned to customers with an explanation that the location they called was not Plaintiff's location but instead a newly opened, separate and unrelated business.

28. In response to these communications, and after discovering that Defendant had filed a federal trademark application for the Everwash name, Plaintiff contacted Defendant via correspondence in May 2017, in an effort to amicably resolve any dispute.

29. Defendant never responded to the May 2017 letter.

30. In July 2017, Plaintiff received additional phone calls from customers complaining about their subscription to an Everwash car wash service, one specifically requesting that his subscription at the Lake in the Hills location be cancelled. Plaintiff responded, correcting the callers as to the identity of the appropriate entity.

31. Having received no response to its original letter, on August 14, 2017, Plaintiff filed a Notice of Opposition with the United States Patent and Trademark Office ("USPTO") (No. 91236101), against Defendant's then active Everwash Trademark Application (No. 87255499) (the "EL Everwash Application").

32. Thereafter, on September 21, 2017, Mr. Thomas Kim, the purported President/Managing Member of Defendant contacted Plaintiff looking to resolve the dispute.

33. Subsequently, the parties discussed the possibility of a resolution, and both phone calls and emails were exchanged between their respective counsel, and separately between the parties over the next six (6) months.

34. Ultimately, after being unable to reach terms of a settlement, on February 14, 2018, Defendant withdrew its EL Everwash Application, without consent of Plaintiff, resulting in Judgment being entered against Defendant, and resulting in the opposition against the EL Everwash Application being sustained.

35. Having resolved the issue of Defendant's objectionable trademark application, but not resolving the outstanding issue of both trademark infringement and confusion in the marketplace, Plaintiff again contacted Defendant via correspondence on February 16, 2018, again attempting to revive settlement negotiations between the parties, and offering to provide Defendant time to transition to a new name.

36. While subsequent discussions continued, no resolution was reached between the parties.

37. Upon information and belief, after the USPTO Notice of Opposition was filed and decided in Plaintiff's favor, and after Plaintiff's demands were received by Defendant, Defendant opened a second Everwash car wash location, in Bartlett, Illinois in April 2018.

38. Plaintiff continues to receive phone calls and emails from customers of Defendant's Everwash Car Wash locations, looking to cancel or modify their subscriptions; inquiring about using the EVERWASH app at those locations; and generally inquiring about the relationship between the parties.

**Defendant's Infringement of Plaintiff's Trademarks**

39. Defendant's Everwash Car Wash locations in Lake in the Hills and Bartlett, Illinois are located approximately 35 miles from Plaintiff-member car washes in Waukegan, Illinois.

40. Plaintiff signed its first member car wash in Illinois, and both advertised its services and offered its mobile software application prior to the April 2017 opening of Defendant's Lake in the Hills, IL car wash.

41. In addition to the proximity of geographic locations identified herein, Defendant and Plaintiff offer and market their competing Everwash car wash subscription services on websites appearing at nearly identical domain names: www.everwash.com (Plaintiff) and www.everwashcarwash.com (Defendant).

42. Both Plaintiff's and Defendant's Everwash car wash member subscription services are marketed to the same type of customers looking for subscription-based car wash services; the only difference being that Plaintiff offers its services via its mobile app and through its network of car wash accounts, connected via its EVERWASH app - while Defendant offers its services directly.

43. Defendant's use of the Everwash Name is identical and confusingly similar to Plaintiff's EVERWASH Mark, as Defendant offers identical and/or related car wash and/or car wash subscription and scheduling services under same name, without Plaintiff's authorization.

44. Defendant's use of the Everwash Name is confusingly similar to Plaintiff's registered EVERWASH Mark, and will continue to cause consumers to believe that Plaintiff's and Defendant's Everwash-branded services originate from the same source or are somehow related, or that Plaintiff is licensing, endorsing, authorizing, sponsoring or is in some other way associated with Defendant.

45. Defendant's use of names that are confusingly similar to Plaintiff's registered EVERWASH Mark will continue to adversely interfere with Plaintiff's efforts to market and advertise its EVERWASH-branded services in this judicial district.

46. Defendant is capitalizing on Plaintiff's well-known goodwill and reputation to enhance the promotion and sales of its own services for commercial purposes and financial gain.

47. Plaintiff has been and continues to be injured by Defendant's unlawful acts within the State of Illinois and within this judicial district.

48. Defendant acted with actual and constructive notice of Plaintiff's trademark rights in and to the EVERWASH Mark and of Plaintiff's extensive and continuous use of the EVERWASH Mark well prior to Defendant's adoption of the competing Everwash Name in association with its own car wash and related services.

49. In fact, Defendant was placed on actual notice of Plaintiff's rights to its EVERWASH Mark, at least as early as May 2017, when Plaintiff sent a demand letter to Defendant, requesting cessation of all use of the Everwash Name.

50. Despite both actual and constructive knowledge of Plaintiff's EVERWASH Mark, and despite efforts by Plaintiff to resolve the matter amicably via negotiations, Defendant not only continued to use the Everwash Name in Lake In the Hills, Illinois, but proceeded to open a second location, in Bartlett, Illinois, in April 2018.

51. Defendant has performed the acts complained of herein (both before and after contact by Plaintiff) willfully and with knowledge of the harm it would cause, and with intent to cause confusion, mistake, or deception, and to appropriate and unfairly trade upon Plaintiff's extensive reputation and goodwill in the EVERWASH Mark.

## **CAUSES OF ACTION**

### **COUNT I**

### **FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114, 1117**

52. Plaintiff repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. Defendant's unauthorized and unlicensed use of the Everwash Name is confusingly similar to the Plaintiff's EVERWASH Mark in United States commerce in association with services related to the advertising, marketing, promotion, offer for sale and sale/rendering of services, including but not limited to "car wash services" and the sale of a subscription and/or monthly membership fee for car wash services is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendant's services.

54. Defendant's acts infringe upon Plaintiff's EVERWASH Registration, causing damage to Plaintiff's business and goodwill symbolized by the EVERWASH Mark in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act).

55. Defendant's acts of infringement of the EVERWASH Mark and EVERWASH Registration for commercial purposes and financial gain have caused and is causing great and irreparable injury to Plaintiff, to its EVERWASH Mark and its EVERWASH Registration, and to Plaintiff's business and goodwill represented by this trademark, in an amount that cannot be ascertained at this time, and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

56. Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Plaintiff's expense.

57. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused by reason of Defendant's acts of trademark infringement.

## COUNT II

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

58. Plaintiff repeats, re-alleges and incorporates all of the allegations made in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

59. Defendant's use of names which are confusingly similar to Plaintiff's EVERWASH Mark in the manner described above is likely to cause consumers to mistakenly believe that Defendant has an affiliation with the Plaintiff, that Defendant's services are sponsored or approved by Plaintiff and/or that Defendant is otherwise associated with or has obtained permission from Plaintiff to use the Everwash Name.

60. Defendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiff, to the EVERWASH Mark, and to the Plaintiff's business and goodwill represented by these trademarks in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

61. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused by Defendant's acts of unfair competition and false designation of origin.

## COUNT III

## TRADEMARK INFRINGEMENT UNDER ILLINOIS COMMON LAW

62. Plaintiff repeats, re-alleges and incorporates all of the allegations made in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

63. The acts of Defendant as described above constitute trademark infringement in violation of Plaintiff's rights under the common law of the State of Illinois and 765 ILCS 1036/80.

## COUNT IV

## UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES UNDER ILLINOIS STATE LAW

64. Plaintiff repeats, re-alleges and incorporates all of the allegations made in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

65. The acts of the Defendant as described above constitute unlawful deceptive practices in violation of 815 ILCS 510 *et seq*. and unfair competition under Illinois common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor as follows:

1. Declare that Defendant's unauthorized conduct violates Plaintiff's rights to its EVERWASH trademark under the Lanham Act, the common law of Illinois, and the Illinois Compiled Statutes.

2. Immediately and permanently enjoin Defendant, its agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant from:

   (a) using the EVERWASH name or trademark or any confusingly similar variations of EVERWASH or any designations that include the term Everwash for any car wash, car wash scheduling, car wash subscription or membership sales, and/or mobile application software for use in the rendering or promotion of any of the foregoing services;

(b)     from doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public, or to lead consumers into the belief that the goods and/or services marketed, advertised, promoted, offered for sale, and/or rendered by Defendant under the Everwash Name, is authorized, sponsored, licensed, endorsed, promoted, or condoned by Plaintiff, or are otherwise affiliated with or connected to Plaintiff;

(c)     representing by any means whatsoever, directly or indirectly, that any goods and/or services offered or rendered/sold by Defendant are offered, rendered by, or approved by Plaintiff, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers as to the origin or sponsorship of such goods;

(d)     otherwise competing unfairly with Plaintiff in any manner;

(e)     continuing to perform in any manner whatsoever any of the other unlawful acts complained of in this Complaint; and

(f)     aiding any other party in doing any acts prohibited by this paragraph.

3.     Direct Defendant to discontinue use of, and transfer to Plaintiff, the domain name *everwashcarwash.com* or any other confusingly similar variations of this domain, including any designations that consist of or include the term EVERWASH and/or social media handles that contain the term EVERWASH.

4.     Direct Defendant to provide a complete accounting of their infringing activities and to deliver to Plaintiff any and all marketing materials in Defendant's possession or control, incorporating a trademark confusingly similar to Plaintiff's EVERWASH Mark.

5. Order Defendant, pursuant to 15 U.S.C. § 1116, to serve on Plaintiff within thirty (30) days after service on Defendant of an injunction order, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction(s).

6. Order Defendant to account to Plaintiff for Defendant's profits and any damages sustained by Plaintiff arising from Defendant's acts of trademark infringement, and unfair competition, and order that Plaintiff be awarded the greater of (i) three times Defendant's profits or (ii) three times any damages sustained by Plaintiff under 15 U.S.C. § 1117, plus prejudgment and post-judgment interest.

7. Award Plaintiff its costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, investigative expenses, and expert and other fees, on the ground that this is an exceptional case under 15 U.S.C. § 1117.

8. Award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all triable issues contained in the Complaint.

Dated: September 11, 2018

Respectfully submitted,

*/s/ Jeffrey L. Widman*
Jeffrey L. Widman (ARDC No. 6226367)
FOX ROTHSCHILD LLP

*Of Counsel*:

Christopher D. Olszyk, Esq. (*pro hac vice pending*)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone: (215) 299-2000
Email: colszyk@foxrothschild.com

321 North Clark Street, Suite 800
Chicago, Illinois 60654
Phone: (312) 980-3807
Email: jwidman@foxrothschild.com

*Attorneys for Plaintiff Everwash, Inc.*